■ In the Matter of DEEWAY RESTAURANT INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to annul respondent's determination dated January 21, 1972, which canceled petitioner's liquor license on the ground that he had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that petitioner had suffered or permitted the licensed premises to become disorderly and permitted an altercation therein. Application granted to the extent that the determination is modified, on the law, by changing the penalty to a suspension of the license for 60 days and to a demand upon petitioner's bond to the extent of $500. As so modified, determination confirmed, without costs. In our opinion, the punishment imposed was excessive to the extent indicated herein. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

## THIRD DEPARTMENT, FEBRUARY, 1972

### (February 2, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT J. FENTON, JR., Petitioner, v. WILLIAM B. MARTIN, as Sheriff of Ulster County, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c], par. 6) thereof, and as otherwise insufficient on its face. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Kane, JJ., concur.

### (February 9, 1972)

■ In the Matter of GEORGE JEMZURA, Petitioner, v. DAVID F. LEE, JR., as a Justice of the Supreme Court, Chenango County, Respondent.— Motion to dismiss petition granted, without costs. A proceeding in the nature of mandamus may not be used to challenge a determination which may be reviewed by appeal. Nor may such proceeding be used to challenge a determination made in a civil action. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.

■ In the Matter of GEORGE JEMZURA, Petitioner, v. RICHARD J. BOOKHOUT, as Acting County Judge of Chenango County, Respondent.— Motion to dismiss petition granted, without costs. Appeals from the Justice Court must, in the first instance, be taken to the County Court (UJCA, § 1701). A proceeding to compel a Justice of the Justice Court to perform a duty enjoined by law must be brought at a Special Term of the Supreme Court (CPLR 7804, subd. [b]; 506, subd. [b]), and said Justice should be joined as a party thereto (24 Carmody-Wait 2d, New York Practice, § 145:265). Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of LUCIEN RIGAUD, Respondent, v. HOWARD RAPAPORT, Doing Business as THE IN-NOVO ENGINEERING & DEVELOPMENT Co., Appellant, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal denied, without costs. (See *Matter of Matessa* v. *Pennsylvania R. R. Co.*, 261 App. Div. 1020). Herlihy, P. J., Cooke, Sweeney, Simons and Kane, JJ., concur.